UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                        Case No. 3:19-cr-221

    Plaintiff,

v.                                               MEMORANDUM OPINION
                                                 AND ORDER

Gregory L. Buckmon,

    Defendant.

## I.    Introduction and Background

On April 3, 2019, Defendant Gregory L. Buckmon was indicted by a federal grand jury on three counts of illegally possessing a firearm that moved in interstate commerce, three counts of possessing a controlled substance with the intent to distribute, and one count of using, carrying, and brandishing a firearm in further of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A).

Buckmon has filed a motion in limine concerning the last charge, Count 5 of the Indictment. (Doc. No. 12). He argues that a video recording made by a confidential informant does not show conduct which rises to the level of "brandishing," "carrying," or "use" within the meaning of those terms in § 924(c). (Doc. No. 12 at 1-2). The government opposes Buckmon's motion, arguing the video evidence is best considered in the "proper context at trial," and that the video in fact reflects conduct that satisfies the elements of the offense. (Doc. No. 15 at 2-4).

## II. DISCUSSION

Motions in limine permit a court to exercise its "'inherent authority to manage the course of trials'" by ruling "on evidentiary issues prior to trial in order to avoid delay and to allow the parties to focus remaining preparation time on issues that will in fact be considered by the jury." *United States v. Mack*, 298 F.R.D. 349, 351 (N.D. Ohio 2014), *aff'd*, 808 F.3d 1074 (6th Cir. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).

When a liminal motion attacks the sufficiency of evidence rather than its admissibility, a court must proceed cautiously. Questions of fact are "solely within the province of the jury." *United States v. Yannott*, 42 F.3d 999, 1005 (6th Cir. 1994). "No matter how conclusive the evidence may be in a criminal case on a controverted material fact, the trial judge cannot make the finding or withdraw the issue from the jury." *Id.* (quoting *United States v. McKenzie*, 301 F.2d 880, 882 (6th Cir. 1962)).

Section 924(c) punishes an individual who "uses or carries a firearm" during and in relation to a drug trafficking offense, "or who, in furtherance of . . . such crime, possesses a firearm," including by brandishing the weapon. 18 U.S.C. § 924(c)(1)(A). The government has the burden of proving there is a relationship "between the underlying criminal act and the use or possession of the firearm," *United States v. Brown*, 915 F.2d 219, 224 (6th Cir. 1990) (citation omitted), or that a defendant brandished a weapon by "displaying part of a firearm or making the presence of the firearm known 'in order to intimidate.'" *United States v. Bolden*, 479 F.3d 455, 463 (6th Cir. 2007).

Buckmon's arguments center on the question of whether or not his conduct as captured in the video "satisfies the statutory offense." (Doc. No. 12 at 1); (*see* id. at 1-2 (Buckmon's "de minimus contact with the gun does not constitute . . . brandishing . . . ."); (Buckmon does not hold "the weapon long enough to 'carry' or 'use' it as contemplated by the statute.")). While it is true the government has the burden of producing evidence sufficient to establish the elements of the

offense, it is the jury's responsibility to determine whether the government in fact has done so. *See Yannott*, 42 F.3d at 1005 (holding factual disputes concerning an essential element of an offense are "properly left to the jury's determination"). As Buckmon concedes, the video shows him "very briefly holding the gun . . . ." (Doc. No. 12 at 2). Whether or not this, or any other evidence the government may present, is sufficient to sustain a conviction on Count 5 is a question of fact, not of law.

I conclude Buckmon has not shown the government cannot establish the elements of § 924(c) as a matter of law, and that it is for the jury's to determine whether Buckmon's actions violated that section.

### III.    CONCLUSION

For these reasons, I deny Buckmon's motion in limine as to Count 5. (Doc. No. 12). So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge