UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:19-cr-221

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　　ORDER

Gregory Buckmon,

　　　　　Defendant.

Defendant Gregory Buckmon seeks a reduction of his sentence to time served and an order releasing him from incarceration, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 27; Doc. No. 28). Buckmon, however, currently is incarcerated at an Ohio Department of Rehabilitation and Correction facility, and not at a Federal Bureau of Prisons facility. (Doc. No. 28 at 1). Thus, he is under the primary custodial jurisdiction of the State of Ohio. *See, e.g., Hill v. Holland*, Civil Action No. 6:13-194, 2014 WL 709848, at *2-3 (E.D. Ky. Feb. 21, 2014) (citing *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922)). Section 3582 covers inmates seeking release from federal custody and therefore, it does not permit me to order Buckmon's release from state custody. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Moreover, Buckmon fails to establish he is entitled to habeas relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *See Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020) ("The Supreme Court has held that release from confinement – the remedy petitioners seek here – is 'the heart of habeas corpus.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).

1

Therefore, I conclude Buckmon fails to show he qualifies for relief under § 3582(c)(1)(A)(i) and I deny his motions to reduce his sentence. (Doc. No. 27 and Doc. No. 28).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge