UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                       Case No. 3:19-cr-221

        Plaintiff,

v.                                         MEMORANDUM OPINION
                                              AND ORDER

Gregory Buckmon,

        Defendant.

### I.     INTRODUCTION AND BACKGROUND

Defendant Gregory Buckmon, who currently is incarcerated at Federal Correctional Institution Elkton, located in Lisbon, Ohio, has filed a motion seeking reconsideration of my earlier rulings denying his motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 49). Buckmon also has filed a motion to reduce his sentence. (Doc. No. 50). The government has not responded to either motion.

On April 3, 2019, a grand jury indicted Buckmon on seven charges stemming from the sale of drugs and weapons to a confidential informant: (1) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); (2) Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (3) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); (4) Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (5) Using, Carrying and Brandishing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(ii); (6) Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(C); and (7) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc. No. 1-4).  Buckmon pled guilty to all seven counts.  (*See* non-document entry dated October 9, 2019).  On February 5, 2020, I sentenced Buckmon to a term of incarceration of 84 months and 1 day and 3 years supervised release.  (Doc. No. 25).  Buckmon did not appeal.

Buckmon, through counsel, filed his first compassionate release motion on May 18, 2020.  (Doc. No. 27).  A supplemental motion followed on June 19, 2020.  (Doc. No. 28).  After briefing was completed, I denied those motions because Buckmon was in state custody and therefore not eligible for release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 35).

Once he completed his state court sentence, Buckmon filed two additional motions for compassionate release, one through counsel and one *pro se*.  (Doc. Nos. 38 and 45).  I denied those motions because Buckmon had not established he had complied with § 3582's mandatory exhaustion provision.  (Doc. No. 46); (*see also* non-document order dated January 31, 2022).

Buckmon then filed a motion for reconsideration and attached a letter from the Warden at FCI Elkton denying Buckmon's request to reduce his sentence.  (Doc. No. 49).  Buckmon subsequently filed another motion for a reduced sentence, arguing his sentence was excessive and unjust and that the Bureau of Prisons has refused to credit his sentence for the time he served in state custody after being sentenced in this Court.  (Doc. No. 50).

## II.    ANALYSIS

A party seeking reconsideration of a court's order generally must show: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice."  *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995) (citation omitted); s*ee also Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)).

Buckmon's motion is premised upon his submission of a letter dated March 4, 2021, from the Warden at FCI Elkton, denying Buckmon's request for early release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 49-1). This evidence is not "new," as it existed before Buckmon filed his second and third motions for compassionate release.[1] But, whether I treat Buckmon's motion as one for reconsideration or a new motion for compassionate release, I conclude a reduced sentence is not warranted.

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Even if I conclude Buckmon has complied with the exhaustion requirement by account of his March 1, 2021 submission, I deny his motion for compassionate release because he has not met his burden under the statute.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must

---

[1] Buckmon previously indicated he had requested compassionate release on February 25, 2021. (Doc. No. 38 at 2). The Warden's letter states it is a response to Buckmon's March 1, 2021 request. (Doc. No. 49-1 at 1). It is not clear from the record whether Buckmon submitted multiple requests or if the two dates reference the same request.

consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

In *United States v. Lemons*, the Sixth Circuit held "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). The court went on to explain its understanding of "access." An inmate who is "'unable to receive or benefit from a vaccine' may still be able to show 'extraordinary and compelling reasons' warranting a sentence reduction." *Lemons*, 15 F.4th at 751 (quoting *Broadfield*, 5 F.4th at 803). "But if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Lemons*, 15 F.4th at 751 (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) and *Broadfield*, 5 F.4th at 803)).

The government previously indicated Buckmon declined to receive a Covid-19 vaccination. (Doc. No. 41 at 13). Buckmon has not offered any reason why he may be "unable" to be vaccinated. Therefore, I conclude I must deny his motion for compassionate release for the reasons stated in *Lemons*.

Buckmon also argues the BOP has improperly failed to credit his sentence, arguing he will serve nine and a half years instead of seven. (Doc. No. 50 at 3-4). But the authority to determine credit for time served in custody "lie[s] solely with the Attorney General and the Bureau of Prisons."

*United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010) (citing 18 U.S.C. § 3585(b) and *United States v. Wilson*, 503 U.S. 329, 333 (1992)). Moreover, § 3585 permits a defendant to receive credit for time spent in custody only if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Thus, Buckmon is not entitled to receive a credit against his federal court sentence for time he spent serving a state court sentence.

Finally, Buckmon contends his sentence is unreasonable because the brandishing charge to which he pled guilty is "unsubstantiated." (Doc. No. 50 at 1); (*see also* Doc. No. 45 at 4 (asserting the brandishing charge "was maliciously placed" and "spiteful")). He also asserts his previously appointed counsel was ineffective. (Doc. No. 50 at 1; Doc. No. 49 at 1). These arguments do not constitute "extraordinary and compelling reasons" to reduce Buckmon's sentence. Instead, they imply his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

But Buckmon's motions, even if intended to raise a challenge to his sentence under § 2255, come too late. A defendant must file a challenge to his sentence within one year of the date on which the sentence became final. 28 U.S.C. § 2255(f)(1). I expressly advised Buckmon he had 14 days from the date of entry of his sentence within which to appeal his conviction and sentence. (Doc. No. 34 at 40). He did not appeal and, therefore, his sentence became final on February 19, 2020, and his deadline to file a challenge to his sentence under § 2255 was February 19, 2021. He did not raise these arguments until, at the earliest, January 27, 2022. (*See* Doc. No. 45). Therefore, even if I construe his motions as asserting a right to relief under § 2255, I must deny those motions as time-barred.

I also decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least,

5

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I conclude reasonable judges would not disagree with my conclusion that Buckmon's motions, if construed as bringing a challenge to his sentence under § 2255, are barred by the statute of limitations.

### III. CONCLUSION

For these reasons, I deny Buckmon's motions to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 49 and 50). Further, to the extent those motions raise a challenge to his sentence pursuant to 28 U.S.C. § 2255, I deny the motions as barred by the statute of limitations and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge